[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR A STAY
Plaintiff appeals from a decision of defendant Commissioner suspending plaintiff's motor vehicle operator's license for a period of 90 days under the provisions of section14-227b, Conn. Gen. Stats. (Revised to 1991). In connection with said appeal, plaintiff has requested that the court stay the suspension of his license pending the outcome of the appeal, and defendant objects to such stay.
The standard to be utilized in deciding whether to grant a stay pending an administrative appeal requires the court to consider a variety of factors, including: (1) the likely outcome of the appeal; (2) the irreparability of the harm to be suffered from immediate implementation of the agency order; (3) the effect upon other parties of a delay in implementing the suspension order; and (4) the public interest. CT Page 7281 Griffin Hospital v. Commission on Hospitals and Healthcare,196 Conn. 451, 458-459 (1985). In essence, the above factors must be considered by the court in its determination of the "balancing of the equities" test.
At the motor vehicle department hearing, the hearing officer determined: (1) the police officer had probable cause to arrest the plaintiff for DUI; (2) he was placed under arrest; (3) that plaintiff submitted to a blood alcohol test and the results indicated a blood alcohol concentration of .10 or more at the time of the offense; and (4) that the plaintiff was operating the motor vehicle.
Plaintiff now contends that said hearing officer improperly concluded that the blood alcohol content was .10 or more at the time of the offense, and as a result, alleges that he will be successful in his appeal. The basis for plaintiff's claim that the hearing officer's conclusion was erroneous, is that plaintiff presented the only expert testimony (Dr. Stolman) to the effect that it was impossible to determine that the blood alcohol of plaintiff Miller was .10 or more at the time of the alleged offense.
A review of the police report indicates that the arrest took place at 2233 hours (10:33 p. m.) on March 14, 1991. The police officer's report further indicates that he observed erratic operation by the plaintiff, together with the odor of liquor and the inability to perform certain field tests, all of which provided probable cause for his arrest. The Intoximeter 3000 test results indicated a blood alcohol reading of .154 at 2313 hours (11:13 p. m.) and a reading of .151 at 2347 (11:47 p. m.).
It is well established that the trier of fact is not bound by the opinion expressed by plaintiff's expert, and may accept or reject all or any part of such expert's opinion. The same principle applies in an administrative hearing, so long as the administrative finding is supported by substantial evidence. In determining whether an administrative finding is supported by "substantial evidence", a court must defer to the hearing officer's assessment of the credibility of witnesses and to his right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. Briggs v. State Employees Retirement Commission, 210 Conn. 214,217 (1989).
In the instant matter, considering the observations regarding operation of the vehicle and the inability to perform field tests, and the results of the 2 Intoximeter tests, the record afforded the hearing officer a substantial basis for arriving CT Page 7282 at the conclusion that the plaintiff's blood alcohol level was .10 or more at the time of the offense inspite of the testimony of plaintiff's expert witness. Further, the court should not substitute its judgment in place of the hearing officer so long as there is a substantial basis in the record for the officer's finding.
Accordingly, the court concludes that the plaintiff is not likely to prevail on his appeal, and the motion for a stay is denied.
JOSEPH H. GOLDBERG, SENIOR JUDGE.