[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Richard Adler appeals a decision of the defendant medical examining board imposing monetary and other penalties, following charges brought against him by the defendant department of health services. The board acted pursuant to General Statutes §§ 20-13c and 19a-17. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendants.
Certain essential procedural facts are not in dispute and are fully reflected in the record. The plaintiff is a physician specializing in the diagnosis and treatment of allergies. From August 20, 1976 until May 31, 1989, he held a license issued by the defendant department to practice medicine in this state. The license expired on the latter date, and the plaintiff has never applied for renewal.
In June 1986, the department commenced an investigation of the plaintiff. On May 4, 1989, it issued and filed with the board a statement of charges, pursuant to § 20-13e. The statement of charges lists eight counts. Six of the counts pertain to the plaintiff's treatment of individual patients. Each of these counts contains numerous subcounts alleging various acts of medical misconduct. One count alleges that the plaintiff made a material misrepresentation in his application for his license to practice in Connecticut. The eighth count alleges fraudulent billing practices. With respect to each count, the department alleges that the plaintiff was guilty of "illegal, incompetent or negligent conduct in the practice of medicine" in violation of General Statutes § 20-13c(4).
In March 1991, the plaintiff sent a detailed answer, CT Page 7716 contesting the charges, to the chairman of the defendant board.
In September 1991, the board commenced a hearing on the charges before a panel of three of its members, two of whom were, lay members and one physician. The hearing took place in several sessions, ending in January 1992. The plaintiff appeared pro se and testified. He presented no other witnesses in his behalf. The department presented voluminous evidence, as well as the testimony of Dr. Leonard Cohen, an expert in the field of allergy diagnosis and treatment.
After the evidentiary phase of the hearing, the plaintiff obtained counsel to represent him and moved to reopen the hearing to allow him to present evidence and testimony with the assistance of counsel. The board denied this motion.
The panel issued a proposed decision, and the plaintiff, through counsel, responded. The board subsequently adopted the proposed decision as its final decision, rendered on March 16, 1993, and transmitted to the plaintiff and the department on March 18, 1993.
With respect to the counts involving the plaintiff's treatment of the six named patients, the board determined that the plaintiff was guilty of illegal, incompetent or negligent conduct in his medical practice as had been alleged by the department. Specifically, the board found that the plaintiff had
 a) permitted non-physician staff members in his office to perform injections of medication in the absence of himself or any other physician;
 b) administered medication and tests that were not medically indicated;
 c) did not require patients to remain in the office for an adequate period of observation after receiving medication;
 d) prescribed the medication Minocin without adequate examination; CT Page 7717
 e) obtained insufficient medical histories and performed inadequate physical examinations prior to treatment;
g) maintained inadequate patient records;
 h) in one case, permitted non-physician staff member to change a patient's medication without consulting a physician;
 i) in one case, failed to warn a patient of a potentially severe reaction to medication and failed to take proper action when that occurred.
With respect to the count involving the application for his Connecticut license, the board found that the plaintiff had misrepresented his undergraduate bachelor's degree, claiming that he had graduated from Princeton University when in fact he had not.
With respect to the count involving fraudulent billing practices, the board found that the plaintiff, in at least one case, had billed a patient for a fibreoptic examination that he had not performed.
During the course of the hearing, the plaintiff substantially admitted that his record-keeping was defective. He also admitted that the statement on his license application concerning his undergraduate college degree was not true.
The board's findings and conclusions concerning the charges involving the plaintiff's treatment of his patients were based primarily on the testimony of the department's expert witness, Dr. Leonard Cohen, a board certified allergist. Doctor Cohen testified at length and was subjected to cross examination by the plaintiff. The plaintiff also testified, claiming for himself the status of an expert witness. In addition, the board had patients' medical records and reports of the department's investigators containing written statements of the patients named in the department's statement of charges. All of this material is in the record of the administrative proceedings in the case. CT Page 7718
In his appeal to the court, the plaintiff challenges each of the board's findings and conclusions and asserts, as a separate basis for reversing the board's decision, that the proceedings were unfair because he was not represented by counsel.
Before analyzing the specific grounds on which the plaintiff bases his appeal, it is appropriate to set forth the legal standards that this court is required to follow. A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57 — 58 (1991). Similarly, "(w)ith regard to questions of fact, it is (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital ofSt. Raphael v. Commission on Hospitals Health Care,182 Conn. 314, 318 (1980).
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991). "In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part . . . An agency composed of physicians is entitled, furthermore, to rely on its own expertise within the area of its professional competence." Briggsv. State Employees Retirement Commission, 210 Conn. 214,217-218 (1989). CT Page 7719
With respect to the board's findings concerning the absence of a physician on the premises while the plaintiff's nurses were administering injections, the plaintiff essentially admits that occurred. He claims, however, that such a practice does not violate any medical protocol and that the board mischaracterizes the testimony of Dr. Cohen on the subject. The court has reviewed the record on this point, in particular the transcript of Dr. Cohen's testimony. He testified that a physician should be present in the medical facility when the patient receives the injection of medication and during a period of time after the injection, preferably about thirty minutes. The plaintiff testified that the presence of a physician is not required. In essence, the board was confronted with conflicting testimony of two physicians, Dr. Cohen and the plaintiff, concerning proper medical procedure. In accordance with the basic principles of administrative law, cited above, the board was entitled to credit fully the testimony of Dr. Cohen or any part of it and to reject the testimony of the plaintiff. That is clearly what the board did in this case. The board had, therefore, substantial evidence in the form of Dr. Cohen's testimony that the plaintiff's practice of allowing his nurses to inject his patients when no physician was on the premises constituted incompetent or negligent conduct in the practice of medicine. Again in accordance with basic principles of administrative law, the court cannot overrule the board in this regard. See Hospital of St. Raphael v. Commissionon Hospitals and Health Care, supra.
With respect to the board's finding that the plaintiff administered injections and other treatment and performed tests that were not medically indicated, the plaintiff contends that the board erred in completely disregarding his testimony explaining why he ordered particular treatment for particular patients. As noted above, the board, acting in its factfinding capacity, was free to weigh all of the evidence and to accept or reject any testimony, including expert testimony. In this case, the board again had conflicting testimony from Dr. Cohen and from the plaintiff. The board also had Dr. Cohen's written reports. Again, the board was entitled to accept fully the testimony and reports of Dr. Cohen in reaching its findings and conclusions. CT Page 7720
With respect to the board's findings and conclusions that the plaintiff failed to obtain sufficient medical histories of his patients and to perform adequate physical examinations prior to treating them, the plaintiff claims that the board misinterpreted Dr. Cohen's testimony and gave insufficient weight to his own testimony and evidence. The board's findings were based on Dr. Cohen's testimony, as well as written reports that he prepared for the department's investigator. The court has reviewed the transcript and Dr. Cohen's reports; they clearly afford ample basis for the board's decision on these issues. This is so notwithstanding the fact that the plaintiff testified in opposition. Again, it is not the court's function to retry the case or second-guess the board so long as there is adequate evidence to support its findings.
In addition to challenging the board's factfinding, the plaintiff also contends that many of the differences and conflicts between the testimony and evidence offered by himself and the department, most notably that of Dr. Cohen, stem from differences of opinion within the medical profession. He argues that it is unfair to punish him for his adherence to methods of diagnosis and treatment solely because they are different from what Dr. Cohen would have prescribed. Again, familiar principles of administrative law undermine the plaintiff's arguments. A court may not "retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom ofInformation Commission, 208 Conn. 442, 452 (1988). In this case, as has been noted, the board considered the testimony and written reports of an acknowledged expert in the field of allergy diagnosis and treatment. This evidence clearly supported the board's factual findings and conclusions. The court cannot say, under these circumstances that the board acted unreasonably or arbitrarily.
The plaintiff argues that he was unfairly treated CT Page 7721 because he was unfamiliar with the board's procedures and was not represented by counsel at the hearing. He does not claim that he was denied the right to be represented. Indeed, the notice of the hearing that he received plainly states that he had the right to be represented. The notice also indicates that the hearing would be conducted in accordance with specific statutes and regulations. The plaintiff's claims in this regard are without merit.
Finally, with respect to the board's findings and conclusions concerning the plaintiff's poor record keeping and the fact that he misrepresented his undergraduate degree in his license application, the plaintiff argues that these are not serious enough to warrant penalizing him. The court is not authorized, however, to substitute its judgment for that of the board unless it can be demonstrated that the board acted unreasonably, arbitrarily or in abuse of its discretion. Nothing suggests that in this case.
The appeal is dismissed.
MALONEY, J.