[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Harwin Company Corporation, a licensed automobile dealer, appeals the decision of the defendant commissioner of motor vehicles imposing a civil penalty and other orders pursuant to General Statutes § 14-64. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
This case arises from a complaint brought to the department of motor vehicles by the purchaser of a used Cadillac, Raymond LaLuna. Subsequent to the purchase, LaLuna experienced problems with the car, incurred some repair bills, and ultimately filed a complaint against the plaintiff dealer.
At the administrative hearing, there was conflicting evidence CT Page 5562 as to who was the actual seller of the vehicle, the plaintiff or an individual, Robert J. Kelley. LaLuna testified that he dealt with Kelley in buying the car. Kelley's name, the name of the plaintiff corporation or a variation on it, and what purports to be the signature of Harold Winer, the president of the plaintiff corporation, appear on numerous documents in the record. Winer and Kelley testified that Winer knew nothing about the transaction. They testified that the two men were only friends, not in business together. However, it was Winer who gave the documents to the department investigator. Kelley refused to answer questions about how Winer's name appears on the documents.
On the basis of the evidence summarized above, the hearing officer found that Kelley acted as agent for the plaintiff in selling the car to LaLuna. She also found that the seller failed to provide a properly executed purchase agreement, that the seller failed to obtain a signed odometer disclosure statement, that the seller failed to record the mileage on the invoice, and that the seller failed to maintain records of dealer plates, all in violation of provisions of the statutes. The hearing officer imposed a civil penalty of $1500, ordered the plaintiff to post a $1000 forfeiture bond for one year, and ordered the plaintiff to reimburse LaLuna the sum of $357.22 for expense he incurred in repairing the car during the time when the plaintiff would have been required to provide a warranty.
The sole basis of the plaintiff's appeal is that there was insufficient evidence to support the hearing officer's finding that Kelley acted as agent for the plaintiff in selling the car to LaLuna. Accordingly, it was error to find that the plaintiff violated the statutes involved.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Rather, the court must adhere to the rule of substantial evidence. "The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183. . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' CT Page 5563 rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 (1989). And "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991).
In the present case, the hearing officer had evidence in the form of a paper trail to the plaintiff dealer and from it to LaLuna. She had the fact that the plaintiff's president gave to the department's investigator the papers or copies of them that established that trail. She was free to draw reasonable inferences from those papers; she was likewise free to discount the testimony of Winer and Kelley. Lastly, if Winer did not sign those papers, she had no evidence as to how his signature or what purported to be his signature came to be on the papers. Neither Kelley nor Winer were willing or able to explain that circumstance.
The court concludes that the hearing officer had sufficient and substantial evidence to support the findings of fact that she made, and those findings, of course, supported her final decision.
The plaintiff's appeal is dismissed.
MALONEY, J.