[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 10742
Plaintiffs Emma Rodolfo-Masera and Raymond Rodolfo-Masera appeal the decision of the defendant commissioner of social services denying the application of Peter Rodolfo-Masera for Medicaid benefits. The plaintiffs appeal pursuant to General Statutes § 4-183. The court concludes that it lacks subject matter jurisdiction to hear the appeal.
Plaintiff Emma Rodolfo-Masera (hereinafter "Emma") originally requested a hearing in 1991 to contest the commissioner's determination of spousal assets in denying the application of her husband, Peter Rodolfo-Masera, for Medicaid benefits. At that hearing, Emma appeared and testified. Her son, Raymond Rodolfo-Masera, also appeared and testified as a witness. Following an adverse decision by the fair hearing officer, Emma appealed, and this court (Holzberg, J.) sustained the appeal and remanded the case to the commissioner. In its decision, the court ordered the commissioner to provide Emma the opportunity to prove that funds in a bank account in joint name with her son were not legally owned by her.
Rather than conduct a new hearing, the fair hearing officer, with the agreement of Emma's attorney, simply accepted some new documentary evidence submitted by the attorney, and rendered a new decision on the basis of that new evidence as well as evidence and testimony adduced at the original hearing in 1991. In the new decision, which is the subject of this appeal, the hearing officer found as fact that Emma was the legal owner of the funds in the account notwithstanding the fact that her son's name is also on the account.
During the course of this appeal of the hearing officer's new decision, the court raised a question concerning its jurisdiction. The court must "fully resolve" any jurisdictional question before considering the merits of the appeal. Castro v. Viera, 207 Conn. 420,429 (1988).
The issue raised by the court concerned the timeliness of the filing of the appeal. Section § CT Page 107434-183(c) provides that an appeal of an administrative decision must be served on all parties of record and filed in the superior court "(w)ithin forty-five days after mailing of the final decision . . . or, if there is no mailing, within forty-five days after personal delivery of the final decision under (§ 4-180)." Failure to file an appeal within the forty-five day time period deprives the court of subject matter jurisdiction. GlastonburyVolunteer Ambulance Association, Inc. v. Freedom ofInformation Commission et al, 227 Conn. 848 (1993).
In the present case, the record reveals that the commissioner, acting through the duly designated fair hearing officer, mailed the final decision to plaintiff Emma Rodolfo-Masera on September 20, 1994. This appeal was filed in the court on November 16, 1994. That was the forty-seventh day after the mailing of the final decision to her, and, accordingly, the court lacks subject matter jurisdiction over her appeal.
In their brief to the court on the jurisdictional issue, the plaintiffs do not contest the court's lack of jurisdiction over Emma's appeal. They assert, rather, that the record does not reveal that the commissioner ever mailed a copy of the final decision to plaintiff Raymond Rodolfo-Masera. Therefore, the plaintiffs claim, his appeal of the decision may not be dismissed because of the untimely filing by Emma. This claim may not be sustained because Raymond has demonstrated neither the requisite standing nor aggrievement to prosecute the appeal.
Appeals to the court from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right.Tarnapol v. Connecticut Siting Council, 212 Conn. 157,163-164 (1989). The right to appeal a decision of the commissioner denying Medicaid benefits exists pursuant to General Statutes §§ 17b-61 (b) and 4-183.
General Statutes § 17b-61 (b) provides in relevant part that "(t)he applicant for such hearing, if aggrieved, may appeal therefrom in accordance with section 4-183." In this case, the record discloses that CT Page 10744 the only applicant for the fair hearing was Emma. See her letter dated July 18, 1991. Return of Record, Vol. 1, page 53. Raymond never joined in that application. Furthermore, Raymond never applied for status as a party to the proceedings in accordance with § 1-177a. Accordingly, Raymond does not have standing to appeal under § 17b-61 (b). Lack of standing is a jurisdiction defect. Officer of Consumer Counsel v. Department ofPublic Utility Control, 234 Conn. 624 (1995).
General Statutes §§ 17b-61 (b) and 4-183 (a) require that a person appealing a decision of the commissioner demonstrate that he is aggrieved by that decision. Furthermore, a person must demonstrate aggrievement even to obtain a fair hearing on a decision of the commissioner. General Statutes § 17b-60. "The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision." (Citations and internal quotation marks omitted). Light Rigging Co. v. Dept. ofPublic Utility Control, 219 Conn. 168, 173 (1991).
In the present case, there was no question that Emma demonstrated a legal financial interest in the commissioner's decision that was based on her spousal relationship to Peter Rodolfo-Masera. By contrast, Raymond Rodolfo-Masera has not demonstrated any such specific personal and legal interest in the decision. There was no showing, for example, that he has any legal obligation to support his father or that any of his personal assets or income could be legally and adversely affected by the commissioner's decision. The court finds that Raymond is not, therefore, aggrieved by the decision within the meaning of the statutes cited above. Even if he were found to have standing to appeal, his lack of aggrievement would deprive the court of subject matter jurisdiction. CT Page 10745
Although the court has determined that it lacks jurisdiction to hear the appeal, it is appropriate in view of the protracted history of the case to comment briefly on the merits of the plaintiffs' position.
As framed by the court in its decision remanding the case to the commissioner, the task of the hearing officer was merely to consider the relevant evidence and make a factual finding. The plaintiffs had the burden of proving by clear and convincing evidence that Emma did not own the monies in the joint bank account. In his decision, the fair hearing officer describes the evidence, analyzes it, states his findings and his reasons therefor. The bottom line is that the hearing officer, in behalf of the commissioner, found that the plaintiffs did not meet their burden of proof.
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989).
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion. (Citations and internal quotations marks omitted.) Board of Education v. Freedomof Information Commission, 208 Conn. 442, 452 (1988). CT Page 10746
The court's review of the record in this case, including that which was before the hearing officer in the first hearing and that which the plaintiffs submitted after the court's remand, shows that there was ample and substantial evidence to support the hearing officer's decision. This is particularly true when it is noted that the plaintiffs had the heavy burden of proving the negative proposition; that is, that Emma did not have legal ownership rights in the bank account. Even if the court were found to have jurisdiction over the appeal, therefore, the plaintiffs could not prevail on the evidence and the law.
The appeal is dismissed.
MALONEY, J.