[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is before the court for the second time, following the court's remand to the department of income maintenance for the taking of additional evidence pursuant to General Statutes § 4-183 (h). The plaintiff renews his appeal of the commissioner's decision suspending his general assistance benefits. The court finds the issues in favor of the defendant commissioner.
The sole issue to be resolved in this case is whether the plaintiff wilfully failed to participate in required workfare during the weeks ending October 10, 1992 and October 17, 1992.
The hearing officer designated by the commissioner conducted two hearings, on January 13, 1994 and May 18, 1994, in accordance with the court's decision and order. At those hearings, the letter from the Light House Park manager was admitted in evidence. Numerous witnesses also testified, including the plaintiff, the workfare supervisor, and Mr. Sumers, the author of the letter.
Following the hearings, the hearing officer rendered two decisions. In both decisions, the hearing officer noted that the crucial point was the credibility of the various witnesses, most particularly the credibility of the plaintiff. The hearing officer found that the testimony of the plaintiff concerning his attendance at work on the days in question was not credible.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced CT Page 2142 because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
In deciding appeals of decisions of the commissioner of income maintenance and hearing officers designated by the commissioner, the court must adhere to the rule of "substantial evidence." This means that "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601
(1991). "In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 (1989). "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v. Commission onHospitals Health Care, 182 Conn. 314, 318 (1980).
In the present case, the hearing officer had ample substantial evidence, both documents and testimony, to support the finding that the plaintiff wilfully failed to work the required number of hours during the weeks in question. Although the plaintiff's testimony would tend to support his claim for benefits, the hearing officer, as the factfinder, was legally entitled to give less credit and weight to the plaintiff s testimony than to the other evidence in the record. For all of these reasons, the court may not overturn the decision of the hearing officer.
The plaintiff's appeal is dismissed.
MALONEY, J.