[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Francisco R. Cosme appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute. Officer Poisson of the Wethersfield Police Department arrested the plaintiff on a charge of drunk driving in violation of General Statutes § 14-227a on May 30, 1994. The police reported to the motor vehicle department that the plaintiff refused to submit to the test required by § 14-227b, and the department suspended his license. The plaintiff requested a hearing, and the department conducted a hearing on the suspension on June 30, 1994. Following the hearing, the hearing officer rendered a final decision, finding that the plaintiff had refused to submit to the test and ordering the suspension of his license for six months. The plaintiff requested reconsideration, which the department denied.
The plaintiff appealed the department's decision to this court. On June 20, 1995, this court sustained the plaintiff's appeal and remanded the case to the department for further proceedings. See Cosme v.Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV94 070 52 55 (Cosme I).
On August 24, 1995, the department conducted a new hearing on the suspension of the plaintiff's license. Following that hearing, the hearing officer issued a new decision, again finding that the plaintiff had refused to be tested and again ordering the suspension of his license for six months. It is that decision which is the subject of this appeal.
In his brief, the plaintiff advances essentially five arguments in support of his appeal: (1) that the hearing officer was in error in admitting the narrative report of the police CT Page 5433-O officer; (2) that the hearing officer improperly conducted a hearing de novo; (3) that the statement of the witness to the alleged refusal was unreliable; (4) that the department unreasonably delayed holding the August 1995 hearing; and (4) that there was insufficient evidence in the record to support the hearing officer's finding of fact.
1. Narrative Report
At the first hearing on this case in June 1994, the hearing officer admitted in evidence the police officer's narrative supplement to the A-44 form. The hearing officer did so, however, after the plaintiff himself had left the hearing, reasonably believing that the proceedings had adjourned. Because the plaintiff was deprived of the opportunity to respond in testimony to the statements in the police officer's report, the court held that his due process rights had been violated. The court remanded the case and ordered the department to hold a new hearing. The court declined at that time to rule on the admissibility of the narrative report.
At the second hearing, the arresting police officer, who was the author of the report, was present and testified. Over the plaintiff's objection, the hearing officer also admitted the narrative report, relying heavily on the police officer's authentication of it.
The plaintiff argues that the report should not have been admitted on the basis that it is not authorized by statute or regulation. The court disagrees.
This court has repeatedly held that the applicable statutes and regulations permit the introduction in evidence of a written narrative supplement to the printed A-44 report form. The rationale for the rule is fully set forth in cases such as Feld v. Commissioner of MotorVehicles, Superior Court, judicial district of Hartford/New Britain, Docket No. CV94 070 51 72 (April 12, 1995). The court notes further, in this case, that the author of the report was present and verified that the report was genuine, and his other testimony was consistent with the substance of that report. The hearing officer was correct in admitting the report.
De Novo Hearing
CT Page 5433-P
The plaintiff contends that department exceeded the terms of the court's order in conducting a new hearing at which the police officers, who were absent from the first hearing, appeared and testified. The plaintiff argues that, at the new hearing, the hearing officer should merely have ruled the narrative report inadmissible and then decided the case on the basis of the evidence that remained.
The plaintiff misreads the court's earlier decision. The basis of the court's order was that the first hearing was conducted, in part, in the plaintiff's absence. The only remedy for this clear deprivation of due process was to hold an entirely new hearing. Thus, the court held that he was entitled to "a new hearing and decision." There is nothing in the court's decision to suggest that the hearing officer should make a specific ruling with respect to the narrative report, Indeed, the court's decision clearly states that "it would be premature" to do so. The decision goes on to state that the hearing officer "should have the opportunity to rule on the admissibility of the report in the context of the (new) hearing."
The plaintiff's objections to the presence and testimony of the police officers have no basis in the law. In particular, the plaintiff points to no statute limiting the witnesses that an agency may present at a hearing nor does he point to any statute requiring advance notice identifying potential witnesses. The police officers were witnesses whom the hearing officer would naturally call, and their testimony was obviously relevant and material to the issues that the hearing officer had to decide. The plaintiff had full opportunity to cross-examine the officers and did so. The court concludes that the plaintiff was not unfairly surprised or prejudiced by the presentation of these witnesses.
In essence, in sustaining the plaintiff's first appeal, the court held that he was entitled to a new hearing, and that is what he received.
3. Testimony of Officer DeRoehn
The plaintiff argues that the testimony of Officer DeRoehn was unreliable and was based only on his recollection of a video of what transpired at the police station.
"The `substantial evidence' rule governs judicial CT Page 5433-Q review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989).
The court has reviewed the transcript of the new hearing in this case, including particularly the testimony of Officer DeRoehn. He testified quite explicitly that he observed and heard the plaintiff refuse to be tested. He also indicated that he had reviewed a video of the incident prior to testifying. In accordance with the rule of substantial evidence summarized above, the court holds that the hearing officer was entitled to believe Officer DeRoehn's testimony and find that the plaintiff knowingly refused to be tested.
4. Delay in Hearing
The plaintiff argues that the appeal should be sustained because the department conducted the new hearing about sixty days after the court ordered it. There is no authority for or merit to this argument.
5. Insufficient Evidence
General Statutes § 4-183(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
In the present case, substantial evidence in the record, in the form of the police officers' testimony and reports provide CT Page 5433-R sufficient support for the hearing officer's finding that the plaintiff knowingly refused to be tested. The court must, therefore, affirm that finding.
For all of the foregoing reasons, the plaintiff's appeal is dismissed.
MALONEY, J.