[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Martin Hall appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license for a period of one year. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a test of the alcohol content of his blood after being arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute. At the administrative hearing, the hearing officer admitted in evidence, without objection from the plaintiff, the written report of the state trooper who arrested the plaintiff. That report states that after arresting the plaintiff, the trooper requested three times that the plaintiff submit to a urine test. Each time, the report states, the plaintiff said he did not understand what the officer was saying. The report states further that the plaintiff responded to virtually everything the trooper said by claiming not to understand. The trooper thereupon determined that the plaintiff was refusing to be CT Page 8761 tested. Another police officer signed the police report as witness to the refusal. The plaintiff testified at the hearing. He stated that the state trooper made confusing, misleading and inaccurate statements to him about the consequences of refusing to submit to a urine test with the result that he did not understand what the trooper was saying. He testified that he was willing to take the test, did not refuse, but was unable to understand what the police wanted.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
The court's decision is governed by the "substantial evidence" rule. "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991). "In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. StateEmployees Retirement Commission, 210 Conn. 214, 217 (1989).
In the present case, the hearing officer was presented with two pieces of conflicting evidence: the written report of the state trooper who arrested the plaintiff, on one hand, and the testimony of the plaintiff on the other hand. The hearing officer was entitled to disbelieve the plaintiff's account of what took place at the police station. And the hearing officer was entitled to give full credibility to the written statement of the police officer. "When hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.)Volck v. Muzio, 204 Conn. 507, 518 (1987). CT Page 8762
The hearing officer's factual findings as to what transpired at the police station support her conclusion that the plaintiff's actions may be deemed a refusal. The plaintiff's alleged failure to understand the consequences of refusing to take a test is not a legitimate reason for refusing, nor is the alleged misinformation given by the police. Furthermore, the plaintiff's lack of cooperation is a valid basis for concluding that his conduct amounts to a refusal even in the absence of an explicit statement of refusal.
While it must be acknowledged that there is a sharp conflict in the evidence that was presented at the hearing, the court may not substitute its judgment on the facts for that of the hearing officer, who under our system serves as the factfinder. The decision of the hearing officer and commissioner must be affirmed; the appeal is dismissed.
MALONEY, J.