HENRY O. BRIGGS *v.* STATE EMPLOYEES
RETIREMENT COMMISSION
(13425)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and COVELLO, Js.

Argued January 4—decision released February 28, 1989

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* acting attorney general, *Joseph I. Lieberman,* former attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (defendant).

*Keith Bradoc Gallant,* with whom were *Edward Gallant* and, on the brief, *Betty G. Levy,* for the appellee (plaintiff).

PETERS, C. J. We limited our grant of certification in this appeal to the following issue: did the Appellate Court err in concluding that the defendant state employees retirement commission was required as a matter of law to find from the evidence that the plaintiff had become "permanently disabled from continuing to render the service in which he has been employed as the result of any injury received while in the performance of his duty as a state employee" pursuant to General Statutes § 5-169 (b). As recounted in the Appellate Court's opinion, *Briggs* v. *State Employees Retirement Commission,* 13 Conn. App. 477, 538 A.2d 225 (1988), the plaintiff, Henry O. Briggs, brought an administrative appeal to the Superior Court seeking to overturn the defendant's decision denying his application for service connected disability retirement benefits pursuant to § 5-169 (b).[1] The Appellate Court found error in the trial court's dismissal of the plaintiff's appeal. We reverse.

The underlying facts are fully reported in the opinion of the Appellate Court. The plaintiff, a mental health worker at Norwich Hospital, a state facility, was injured as a result of a violent attack by a patient. Id., 478. In his application for service connected permanent disability retirement benefits pursuant to § 5-169 (b), the plaintiff claimed that this attack had left him permanently disabled both physically and psychiatrically. Id., 479. The medical examining board held two hearings on the plaintiff's application, at which the plaintiff presented medical reports, testified and responded at length to questioning by the physician members of

---

[1] General Statutes § 5-169 (b) provides in relevant part: "If a member [of the state employees retirement system], while in state service, becomes permanently disabled from continuing to render the service in which he has been employed as a result of any injury received while in the performance of his duty as a state employee, such member is eligible for disability retirement regardless of his period of state service."

the board.[2] Id., 479–80. Upon its initial consideration of the plaintiff's evidence, and again upon reconsideration after the second hearing, the board denied the plaintiff's application. Id., 480. The plaintiff then filed a request for review with the defendant commission. Id.; see General Statutes § 5-155a (k).[3] The defendant's decision upheld the conclusion reached by the board in accordance with its administrative policy of deferring to the board's medical expertise with regard to medical issues. Id., 480 and n.5.

The trial court dismissed the plaintiff's appeal from the defendant's decision, concluding that the board had not acted either arbitrarily or illegally in denying the plaintiff's application. Although the plaintiff renewed all of his claims of error in the Appellate Court, that court sustained the plaintiff's appeal on one ground only: that the board's decision was contrary to the evidence with regard to the alleged permanency of his psychiatric disability.[4] Id., 480. On this issue, the Appellate Court concluded that "[t]he totality of the evidence before the board constituted substantial evidence as a matter of law that the plaintiff suffered a psychiatric disability resulting from the attack at Norwich Hospital, which rendered him permanently incapable of continuing to perform services as a mental health worker."

[2] General Statutes § 5-169 (c) provides in relevant part: "The governor shall appoint a board of seven physicians, each of whom is a state employee and two of whom shall be experienced in psychiatry, to serve at his pleasure as a medical examining board to determine whether each applicant for disability retirement is entitled thereto."

[3] General Statutes § 5-155a (k) provides: "If any claim is denied, a claimant may request that the decision be reviewed and reconsidered by the commission. Thereafter, any contested case shall be decided in accordance with chapter 54."

[4] The Appellate Court did not reach the plaintiff's evidentiary claim that he had established a permanent orthopedic disability, or his legal claim that the defendant had employed an erroneous legal standard. *Briggs* v. *State Employees Retirement Commission*, 13 Conn. App. 477, 480 and nn. 4, 6, 538 A.2d 225 (1988).

Id., 489. Accordingly, the Appellate Court found error in the trial court's judgment and remanded the case with direction to order the defendant to grant the plaintiff's application for disability retirement benefits. Id. We agree with the trial court's resolution of this issue.

The "substantial evidence" rule governs judicial review of administrative factfinding under General Statutes (Rev. to 1987) § 4-183 (g).[5] *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 539–41, 525 A.2d 940 (1987); *Lawrence* v. *Kozlowski,* 171 Conn. 705, 713–14, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977). An administrative finding is supported by "substantial evidence" if the record affords a " ' "substantial basis of fact from which the fact in issue can be reasonably inferred." ' " *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 541, quoting *Lawrence* v. *Kozlowski,* supra, 713. Such a standard of review allows less room for judicial scrutiny than does the "weight of the evidence" rule or the "clearly erroneous" rule. *Huck* v. *Inland Wetlands & Watercourses Agency,* supra. In determining whether an administrative finding is supported by "substantial evidence," a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. Id., 540–42. An agency composed of physicians is entitled, furthermore, to rely on its own

[5] General Statutes (Rev. to 1987) § 4-183 (g) provides in pertinent part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . . The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

expertise within the area of its professional competence. *Feinson* v. *Conservation Commission,* 180 Conn. 421, 428, 429 A.2d 910 (1980); *Jaffe* v. *State Department of Health,* 135 Conn. 339, 349–50, 64 A.2d 330 (1949). Basically, an agency is not "required to use in any particular fashion any of the materials presented to it so long as the conduct of the hearing is fundamentally fair. *Manor Development Corporation* v. *Conservation Commission,* 180 Conn. 692, 697, 433 A.2d 999 (1980)." *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 542.

The factual issue before us is a narrow one. The medical examining board found, in accordance with the plaintiff's application, that the incident at Norwich Hospital had caused him to have a psychiatric disability, diagnosed by his psychiatrist as "[p]ost-traumatic stress disorder, chronic." *Briggs* v. *State Employees Retirement Commission,* supra, 485 n.8. The board found, however, that the plaintiff had presented insufficient evidence of the permanency of his psychiatric condition. The board observed that the psychiatrist's initial report finding a "chronic" disability had indicated both the desirability of further treatment and that treatment had been "prematurely terminated." Id., 483. A subsequent report, stemming from the same psychiatrist's reevaluation of the plaintiff approximately one year later, noted that medication had led to some improvement in the plaintiff's condition but had not alleviated other symptoms of the plaintiff's chronic stress disorder. The psychiatrist therefore expressly found the plaintiff "permanently disabled." Id., 486–87 n.9. It was this ultimate finding that the board rejected.

The Appellate Court based its conclusion that the board's finding should be overturned on two premises: first, that the board based its finding solely on its interpretation of the two reports submitted by the plaintiff's psychiatrist; and second, that the board's interpreta-

tion of these reports was untenable. Id., 484, 487. In our view, the Appellate Court took too narrow a view of the independent role that § 5-169 (c) assigns to the board, a board exclusively composed of physicians, in determining what constitutes a permanent disability.

Our analysis begins with the proposition that an applicant for service connected permanent disability benefits must make an affirmative showing that he or she has met the requirements of § 5-169 (b). If the applicant does not immediately satisfy the burden of proof that the statute imposes, it is possible, as this case illustrates, to ask for reconsideration when additional facts concerning the applicant's condition become available. General Statutes § 5-169 (d).[6] Until a proper factual showing has been made, however, there is no presumptive entitlement to permanent disability benefits. The board therefore had no duty to rebut the evidence produced on the plaintiff's behalf if it concluded that the plaintiff had not satisfied his burden of proof.

In evaluating the evidence before it, the board was obligated to exercise its independent judgment about the sufficiency of the evidence with regard to the permanency of the plaintiff's condition. Because of its professional expertise, "the determination of the plaintiff's entitlement to disability retirement benefits required the exercise of discretion by the [board]." *Tremblay* v. *State Employees' Retirement Commission,* 170 Conn. 410, 415, 365 A.2d 1125 (1976); *Riley* v. *State Employees' Retirement Commission,* 178 Conn. 438, 441–42, 423 A.2d 87 (1979). The board was required to bring its medical judgment to bear not only on its

---

[6] General Statutes § 5-169 (d) provides: "No reconsideration of a decision concerning eligibility for a disability retirement allowance or the discontinuance of such allowance shall be made by the board unless a member [of the state employees retirement system], upon application to the board for a redetermination, discloses additional facts concerning his condition at the date of termination of employment."

evaluation of the reports of the plaintiff's psychiatrist, but also on its appraisal of the plaintiff's own extensive testimony about his mental condition at each of the two hearings on his application. The board expressly noted its reliance on "the testimony presented" as well as "the documentation admitted into evidence" in the two decisions it rendered in this case. See *Brookfield* v. *Candlewood Shores Estates, Inc.*, 201 Conn. 1, 5–6, 513 A.2d 1218 (1986).

In light of the testimony presented at the hearings, the board was entitled to conclude that the plaintiff had presented insufficient evidence of the permanency of his disability. Certainly the board was not bound by the expert opinion of the plaintiff's psychiatrist on the permanency of his condition. That was the ultimate issue before the board and only the board could decide it. Cf. *State* v. *Vilalastra,* 207 Conn. 35, 41, 540 A.2d 42 (1988). Even more than lay finders of fact, the board was free to accept what it found persuasive in the psychiatrist's reports and to disregard the rest. Cf. *Ferri* v. *Pyramid Construction Co.,* 186 Conn. 682, 690, 443 A.2d 478 (1982); *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 586, 153 A.2d 420 (1959); C. Tait & J. LaPlante, Handbook of Connecticut Evidence (2d Ed. 1988) § 7.16.6. Indeed, the plaintiff himself, in his testimony, confirmed the observation in the supplemental psychiatric report that his condition had improved under medication. Concerned about the desirability of further treatment, the board might have taken into account the plaintiff's failure to explore alternatives to the private psychiatric consultation that he allegedly could no longer afford once his workers' compensation payments ended.[7]

---

[7] The American Medical Association's "Guides To the Evaluation of Permanent Impairment," p. 149, defines a "permanent condition" as "a condition which results in a substantial loss of function despite treatment and which has persisted and may persist for an indefinite period. For example,

Accordingly, the Appellate Court was mistaken in its determination that the totality of the evidence before the board constituted substantial evidence of a permanent psychiatric disability as a matter of law. Since the plaintiff's appeal raised additional grounds for overturning the trial court's judgment that the Appellate Court did not consider, we must remand this case to the Appellate Court in order to afford the plaintiff a fair disposition of all his claims of error.

The judgment of the Appellate Court is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

an acute depressive reaction usually responds to treatment and would not ordinarily be expected to last indefinitely. However, if a depressive reaction persists in spite of adequate treatment, it may be considered to be of indefinite duration and would justify a conclusion that a permanent loss of function may have occurred."