[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Jeffrey M. Bernier appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after being arrested for driving under the influence. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the plaintiff.
At the administrative hearing, the plaintiff appeared, represented by counsel, but did not testify or CT Page 4944 offer other evidence. The hearing officer introduced in evidence the report of Officer DeMaio of the New Canaan Police Department, the police officer who arrested the plaintiff. This report was in two parts; the A-44 form approved by the department of motor vehicles and a narrative report on additional pages. The hearing officer also introduced, over the objection of the plaintiff, the report of Officer Warren of the New Canaan police, which was in narrative form.
The police reports relate that the plaintiff walked into the lobby of the New Canaan police station at approximately 6:15 on the morning of September 4, 1994. He had come there to post bond for a friend. Based on his appearance and demeanor, the police suspected the plaintiff was drunk. In response to their question, he stated that he had driven to the station, and the police later verified that his vehicle was parked outside. The reports do not indicate anywhere that the plaintiff stated when he drove to the station, nor do the reports indicate when the friend was arrested or brought to the station. The reports contain no statements that anyone saw the plaintiff driving, which might pinpoint the time.
Based on their suspicions, the police administered the usual field sobriety tests, concluded that the plaintiff was indeed intoxicated, and arrested him on a charge of driving under the influence, in violation of General Statutes § 14-227a. He submitted to the first breath test at 6:34 a.m. and to the second at 7:10 a.m. The results were .191 and .181, respectively.
On the basis of the statements in the police reports, as summarized above, the hearing officer determined that "the (plaintiff) submitted to the test or analysis and the results indicated a BAC of .10% or more." The hearing officer also found that "Said person was operating the motor vehicle." Based on those findings, the commissioner suspended the plaintiff's license.
The plaintiff advances two arguments in support of his appeal: (1) that the hearing officer erred in admitting the narrative reports of Officers DeMaio and Warren; and (2) that there was insufficient evidence to CT Page 4945 support a finding that the plaintiff's blood alcohol level exceeded the legal limit at the time he was operating his vehicle.
With respect to the admissibility of the reports, the plaintiff argues that the provisions of General Statutes § 14-227b(c) and Regs. Conn. State Agencies § 14-227b-19 limit the kind of police report that may be admitted in administrative proceedings conducted by the motor vehicle department under § 14-227b. He claims that these provisions allow only the printed A-44 form to be introduced in evidence. He then claims that the statements in the A-44 form in this case are insufficient to support the hearing officer's findings.
The statute and regulation permit the admission of the report of the arresting police officer on a form approved by the motor vehicle department. The department has approved the A-44 form. That form provides in the instructions to the reporting officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." The statute, the regulation and the text of the approved A-44 form itself, therefore, contemplate the attachment and introduction in evidence of the narrative statement of the arresting police officer concerning the drunk driving arrest. Although these provisions do not establish irrebuttably that any papers attached to the A-44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the papers' authenticity.
In the present case, there was no evidence that the report of Officer DeMaio that is in question was not exactly what it purported to be, a narrative explanation of the incident described in his A 44 report. The report's authenticity was established by Officer DeMaio's signature at the bottom of each page. Officer DeMaio had also checked a block on the A 44 form indicating that "[i]n addition to this completed A-44 form, this report includes supplemental, explanatory material, attached CT Page 4946 hereto and subject to the oath requirement." And, in accordance with the instructions on the form, Officer DeMaio signed the A-44 form under oath and subject to the penalties for making a false statement.
The commissioner and her delegated hearing officers clearly interpret the regulations and statutes as permitting the introduction in evidence of supplemental narrative reports attached to the A-44 form. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v.Commissioner of Environmental Protection, 226 Conn. 358,372 (1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations." Griffin Hospital v. Commission onHospitals and Health Care, 200 Conn. 489, 497 (1986). It is undisputed that the commissioner is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the department. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned.Starr v. Commissioner, supra 376.
The court concludes that the hearing officer correctly admitted in evidence and considered the statements in Officer DeMaio's narrative supplement to his A-44 report.
The court reaches a different result with respect to the narrative report of Officer Warren. This report was not signed under oath nor was it signed under penalty of false statement. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); CT Page 4947 aff'd 202 Conn. 28, 33 (1987). The court agrees with the plaintiff that the failure of the police officer to sign the report under oath or under penalty of false statement affects its credibility as the final and complete statement of the officer. Accordingly, it was error to admit it in evidence as an exception to the usual rule against hearsay.
Even if the hearing officer had been correct in admitting Officer Warren's report, the plaintiff's argument concerning the evidence of the alcohol content of his blood would require that his appeal be sustained. This argument is based on the provisions of § 14-227b in effect when the plaintiff was arrested as well as those in effect when the hearing officer heard and decided his case.
At the time of the plaintiff's arrest, subsection (h) of General Statutes § 14-227b provided that the commissioner must suspend the license of a person if the "results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight." As a practical matter in every case, the test is administered by the police after "the time of the alleged offense" — that is, after the time when the person was operating the vehicle. A significant factual issue may arise, therefore, as to the use of the test results to determine whether the person's alcohol level exceeded the legal limit at the earlier time when he or she was operating the vehicle.
In the past, the commissioner end her hearing officers were subject to the rule adopted by our Appellate Court in Marshall v. DelPonte, 27 Conn. App. 346
(1992). That decision held that there must be substantial evidence in the record to support a hearing officer's finding that the results of a chemical test, performed subsequent to the individual's arrest, may be extrapolated back to the time of his or her operation of the vehicle.
In 1993, the legislature enacted Public Act 93-371, which effectively eliminated the evidentiary requirement imposed in Marshall v. DelPonte, supra. The Act amended CT Page 4948 subsection (f) of General Statutes § 14-227b, effective July 1, 1993. That is the statute governing the issues to be determined by the motor vehicle department at license suspension hearings. As applicable to this case, the statute now requires, in pertinent part, that the hearing officer determine as follows:
 (3) . . . did such person submit to such test or analysis, commenced within two hours of the time of operation, and the results of such test or analysis indicated that the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol by weight. . . . In the hearing, the results of such test or analysis shall be sufficient to indicate the ratio of alcohol in the blood of such person at the time of operation. . . . (Emphasis added.)
Effective October 1, 1994, prior to the administrative hearing and the hearing officer's final decision in this case, the legislature amended subsection (h), eliminating the phrase "at the time of the alleged offense." Subsection (f) was not changed, however. The effect of the 1994 change was to make subsection (h) consistent with the other provisions of § 14-227b, which base the individual's license suspension on his or her alcohol level at the time it is measured, rather than an extrapolated estimated level at the time of operation of the vehicle. The use of the alcohol level at the time it is measured, it should be noted, is subject to the proviso in both the 1993 and 1994 versions of the statute that the test be commenced within two hours of the time when the individual was operating the vehicle.
The problem with the commissioner's decision in the present case is that there is no evidence of the time when the plaintiff was operating his vehicle. No one saw him operating it. The police observed him only after he walked into the police station. The police reports relate no statements or admissions or indeed any facts that would be the basis of inferring the time of operation. The plaintiff had come to bail out a friend who had been arrested earlier, but the time of the friend's troubles is not indicated. One might speculate that the plaintiff CT Page 4949 drove to the police station and rushed directly inside, but it is as easy to speculate that, in his intoxicated state, he languished in his car for an unknown period of time before venturing inside.
A basic principle of administrative law is that the scope of the court's review of an agency's finding of fact is very limited. General Statutes § 4-183(j). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn.Building Wrecking Co. v. Carrothers, 218 Conn. 580, 601
(1991). "An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989).
Although those familiar rules rightly circumscribe the court's review of the hearing officer's fact finding, they do not overrule the court's power to reverse a decision that is not based on substantial evidence. Rather, § 4-183(j)(5) requires such action whenever the court finds that the agency decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
In the present case, as noted, there was no evidence, substantial or otherwise, of the time when the plaintiff was operating his vehicle. That fact, however, is absolutely crucial to the validity of the test results as a basis for suspending the plaintiff's license under § 14-227b. Without evidence of the time of operation, the hearing officer could not determine that the tests were commenced within two hours of such time, which is the basic requirement of the law as it was in effect during all times relevant to this case. CT Page 4950
The plaintiff's appeal is sustained. Pursuant to General Statutes § 4-183(k), the case is remanded to the department of motor vehicles, which is ordered to reinstate the plaintiff's license without fee.
MALONEY, J.