[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Roger Boober appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after being arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing, the police officer who arrested the plaintiff appeared in response to the plaintiff's subpoena and testified. The officer's written report of the incident was also introduced in evidence. There was no other evidence relevant to the issues in this appeal. In particular, the plaintiff did not testify or offer other evidence.
The plaintiff advances a number of arguments in support of his appeal. First, the plaintiff claims that there was insufficient evidence to support the hearing officer's determination that the plaintiff refused to be tested.
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
"The `substantial evidence' rule governs judicial CT Page 1189 review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989).
In the present case, the police officer testified explicitly that the plaintiff refused to be tested. His written report, signed also by another police officer, states the same thing. The hearing officer had, therefore, substantial evidence to support his determination that the plaintiff had refused to be tested.
The plaintiff's claim that the commissioner's action in suspending his license amounted to double jeopardy cannot be sustained in light of the Supreme Court's decision in State v. Hickham, 235 Conn. 614 (1995).
The plaintiff also argues that § 14-227b violates provisions of the federal constitution prohibiting bills of attainder and cruel and unusual punishment. He does not, however, offer any authority expressly supportive of these arguments. Indeed, as noted by the commissioner in his brief, the holding in State v. Hickham, supra, that the administrative suspension of a license under § 14-227b
does not constitute punishment in the constitutional sense, considerably undermines most of the plaintiff's claims.
A person challenging a statute's constitutionality carries a heavy burden. "In passing on the constitutionality of (statutes), we will make every presumption and intendment in favor of their validity, and sustain the enactment unless its unconstitutionality is established beyond a reasonable doubt." University ofCT Page 1190Connecticut Chapter, AAUP v. Governor, 200 Conn. 386, 397
(1986). The court concludes that the plaintiff has not sustained his burden of persuasion in this case.
The appeal is dismissed.
MALONEY, J.