[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff John E. Buhrendorf appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to §4-183. The court finds the issues in favor of the defendant commissioner.
In his brief, the plaintiff advances three arguments in support of his appeal: (1) that the hearing officer should not have admitted in evidence the written report, including the attachments, of the police officer who arrested the plaintiff; (2) that the hearing officer should not have admitted in evidence the written narrative supplement to the A-44 form and other attachments even if the A-44 form itself was admissible; and (3) that there was insufficient evidence in the record to support the hearing officer's finding that the plaintiff refused to submit to the breath test.
Admissibility of A-44 Form
The plaintiff contends that the hearing officer should not have admitted the A-44 form and attachments because the police officer testified that he did not precisely comply with the formalities required for making an oath when he signed the form. Specifically, the officer did not raise his right hand as required by General Statutes § 1-22. This argument may not be sustained. CT Page 8112
Section 1-22 sets forth the procedure for giving an oath, including the "holding up of the right hand," but there is nothing in that statute to suggest that the failure to follow the procedure precisely renders a document inadmissible as evidence in an administrative proceeding. Indeed, the statute even permits the official administering the oath to dispense with the ceremony if the person giving the oath objects to it.
The plaintiff also argues that it is possible that the police officer who signed the form did not do so in the presence of the notary public. There was testimony that the Canton Police Department sometimes allowed the officers to leave their signed reports for a notary or superior officer to sign later. However, there was no evidence that this obviously illegitimate procedure was followed in this case; the police officer who signed the report on the plaintiff's case testified that he didn't remember the details concerning the notarization of his report. Even if the police had bungled the oath procedure in this case, furthermore, the hearing officer was on solid ground in admitting the document.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of InformationCommission, 208 Conn. 442, 452 (1988).
In the present case, the author of the report was present at the hearing and testified, in effect, to the authenticity of the report. In that circumstance, the alleged disregard by the police of the formalities of oath taking, even if true, lose considerable significance. The court concludes that the hearing officer did not abuse her discretion in admitting the A-44 form into evidence.
Admissibility of Attachments
The plaintiff argues that the provisions of General Statutes § 14-227b (c) and Regs. Conn. State Agencies § 14-227b-19
CT Page 8113 limit the kind of police report that may be admitted in administrative proceedings conducted by the motor vehicle department under § 14-227b. He claims that these provisions allow only the printed A-44 form to be introduced in evidence.
The statute and regulation permit the admission of the police report on a form approved by the motor vehicle department. The department has approved the A-44 form. That form provides in the instructions to the reporting officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." The statute, the regulation and the text of the approved A-44 form itself, therefore, contemplate the attachment and introduction in evidence of the police officer's narrative statement concerning the drunk driving arrest. Although these provisions do not establish irrebuttably that any papers attached to the A-44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the papers' authenticity. As noted, the testimony of Police Officer Smith established the authenticity of his narrative report in this case.
Finally, with regard to the admission of the officer's narrative statement, the court notes that it is consistent with the general standard of admissibility in administrative proceedings. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Both those criteria are satisfied in this case.
Sufficiency of Evidence
At the administrative hearing, the plaintiff and the two police officers involved in the incident testified at length. In particular, they all testified about what occurred when the police attempted to administer the breath test to the plaintiff.
In essence, the plaintiff testified that he was willing to take the test and tried to do so. The plaintiff also points to CT Page 8114 the paper tapes generated by the machine showing "Insufficient Sample." He claims that they should have showed "Test Refused" if that was the case.
The police testified, by contrast, that the plaintiff only pretended to attempt the test and, in reality, intentionally avoided the test by not blowing properly into the machine as instructed. Officer Smith also testified that he tried the machine and that it was working properly.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
In the present case, there was clearly substantial evidence, in the form of the police officers' testimony, to support the hearing officer's finding that the plaintiff pretended to be willing to take the breath test but, in fact, refused by his conduct to do so. In accordance with the rule of substantial evidence summarized above, the court must affirm that finding. CT Page 8115
For all of the reasons set forth above, the plaintiff's appeal is dismissed.
MALONEY, J.