[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Mary St. John-Cullen appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of her blood after being arrested for driving under the influence. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the defendant commissioner.
The plaintiff advances two arguments in support of her appeal: (1) that the hearing officer erroneously determined that the police had probable cause to arrest the plaintiff on the drunk driving charge and (2) that the hearing officer did not give sufficient weight to the report of the plaintiff's doctor, which was admitted in evidence.
At the administrative hearing, both the plaintiff and the police officer who arrested her appeared and testified. Their testimony conflicted on the circumstances that led to the plaintiff's arrest. The testimony of the police officer clearly supported his contention that he had probable cause to arrest the plaintiff. The hearing officer plainly credited the police officer's testimony and discounted the plaintiff's testimony.
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding CT Page 7001 is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217 (1989).
"If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld."Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
The court has reviewed the record in the present case. As indicated, the testimony of the police officer provided abundant evidence of probable cause for the plaintiff's arrest. In accordance with the familiar principles of administrative law summarized above, the hearing officer was entitled to rely on that testimony and to disbelieve the plaintiff's testimony. The court may not second guess that factfinding process.
The same principles govern the decision on the issue of the doctor's report. That report stated that the asthma inhalant that the plaintiff claimed to be using might have skewed the results of the breath test. The plaintiff's assertion that she had used the inhalant was in question, however, and the doctor's report was notably equivocal. These were factual issues for the hearing officer to resolve, and the court may not overrule his decision.
The appeal is dismissed.
MALONEY, J.