[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Michael A. Fuentes appeals the decision of the state medical examining board revoking his license to practice medicine. The board acted pursuant to General Statutes §20-13c. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant board.
On October 6, 1993, the state department of public health and addiction services filed a statement of charges with the board alleging that the plaintiff was suffering from an emotional disorder or mental illness that prevented him from practicing medicine with reasonable skill and safety. After many delays and continuances requested by the plaintiff, the board finally convened a hearing on the charges on June 28, 1994. The plaintiff CT Page 7081 did not attend the hearing, but the department presented evidence to support its charges. The record remained open for the receipt of further evidence consisting of reports and orders of the Virginia and Pennsylvania. These were received on August 24, 1994.
Following the hearing, the board rendered a final decision on the charges. The board recited lengthy findings of fact and discussion. The board found that the plaintiff suffered from bipolar affective disorder and is manic depressive. The board further found that the plaintiff consistently refused to cooperate in obtaining psychiatric assessments and in obtaining necessary treatment. These findings were consistent with the findings of the Virginia and Pennsylvania boards, which had revoked the plaintiff's licenses to practice medicine in those states.
On the basis of the board's factual findings, summarized above, it concluded that the plaintiff suffered from an emotional disorder or mental illness and that he poses a threat, in his medical practice, to the health and safety of the public. Accordingly, the board revoked the plaintiff's license to practice medicine in this state, citing General Statutes §20-13c. That statute authorizes the board to revoke the license of any physician upon such findings and conclusions.
The plaintiff advances numerous arguments in support of his appeal: (1) that the board's decision was motivated by "reverse anti-semitism;" (2) that the decision was the result of racial discrimination; (3) that the board discriminated against the plaintiff on account of his disability; (4) that the board violated federal antitrust laws; (5) the board violated the federal Health Care Quality Improvement Act; (6) that the decision was in abuse of the board's decision;(7) that certain board members had conflicts of interest; (8) that the board's decision is not supported by substantial evidence; (9) that the board wrongfully admitted evidence at the hearing; (10) that the board made other errors of law.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that CT Page 7082 substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes §4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers, 218 Conn. 580,601 (1991).
With respect to the evidence accepted and admitted by the board, General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission, 4 Conn. App. 359,362 (1985); aff'd 202 Conn. 28, 33 (1987). Furthermore," [w]hen hearsay statements have come into a case without objection they may be relied upon by the trier, in proof of the matters stated therein, for whatever they were worth on their face." (Citations and internal quotation marks omitted.) Volck v. Muzio,204 Conn. 507, 518 (1987).
The court has carefully reviewed the entire record in this case and has considered the plaintiff's arguments as set forth in his briefs to the court and in oral argument. The court concludes, on the basis of the record, especially the findings and orders of the Pennsylvania board, that the findings and conclusions of the Connecticut board are amply supported by evidence and may not be overruled by this court. The plaintiff's own factual assertions are without any foundation in the record. CT Page 7083 The plaintiff's claims of discrimination are apparently based on the notion that the medical examining board lacks the power to revoke the license of a physician if he or she is disabled and unable safely to practice medicine. There is nothing in the law that supports such a theory. The board's decision must be affirmed.
As the court indicated to the plaintiff during oral argument on this appeal, the board's decision does not preclude the plaintiff from applying for reinstatement of his license.
The appeal is dismissed.
MALONEY, J.