[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Theodore Lenczyk appeals the decision of the defendant state dental commission suspending his license to practice dentistry for two years and imposing conditions on its reinstatement. The commission acted pursuant to General Statutes §§ 20-114 and 19a-17. The plaintiff appeals pursuant to §4-183. The court finds the issues in favor of the defendant commission.
In January 1994, the defendant department of public health and addiction services notified the plaintiff that it was filing charges against him with the commission. In its notice to the plaintiff, the department stated that the charges concerned the CT Page 7131 plaintiff's treatment of a named patient on a specified date. The notice specified the precise actions or omissions that the department claimed failed "to conform to the standard of care." The notice alleged that the plaintiff's conduct constituted a violation of General Statutes § 20-114 (2). The notice further stated that the department would seek the revocation of the plaintiff's license or other action authorized by §§19a-17 and 20-114.
In due course; the commission held a hearing on the department's charges. Witnesses, all of whom were subjected to direct and cross-examination, included the complainant patient, the plaintiff, and an expert witness appearing for the department. The commission also received documentary evidence.
Following the hearing, the commission rendered its final decision. The commission found that the plaintiff improperly extracted the patient's tooth and then improperly failed to inform her that roots remained in her mouth. It found that the plaintiff failed to inform the patient that she needed further treatment. It found that the plaintiff improperly administered medication without obtaining an adequate medical history of the patient. It found that the plaintiff failed to maintain proper records of his treatment of the patient.
Based on the commission's factual findings as summarized above, the commission concluded that the plaintiff's conduct "rose to the level of incompetence." Accordingly, the commission imposed the sanctions noted above.
The plaintiff advances essentially two arguments in support of his appeal: (1) that the department and the commission provided inadequate notice of the proceedings and (2) that the evidence in the record does not support the commission's findings of fact.
The plaintiff contends that the department failed to inform him that it was charging him with "incompetence, thereby depriving him of a fair opportunity to defend himself against the accusation. This argument may not be sustained.
The law concerning the adequacy of notice of charges under the Uniform Administrative Procedure Act and the due process provisions of the state and federal constitutions is clear. Section 4-177 of the UAPA describes the general notice required CT Page 7132 in all contested cases as follows:
 (a) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice. (b) The notice shall be in writing and shall include (1) A statement of the time, place, and nature of the hearing; (2) a statement of the legal authority and jurisdiction under which the hearing is to be held; (3) a reference to the particular sections of the statutes and regulations to be involved; and (4) a short and plain statement of the matters asserted. . . . Thereafter, upon application, a more definite and detailed statement shall be furnished.
Section 4-182 (c) provides, "No revocation, suspension, annulment or withdrawal of any license is lawful unless prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action. . . ." The "stricter notice requirements [contained in § 4-182 (c)] are a function of the more compelling private interest involved" in revocation and suspension proceedings. Levinson v. Board of ChiropracticExaminers, 211 Conn. 508, 534 (1989).
In the present case, the notice that the department sent the plaintiff clearly set forth the precise acts and omissions that the were the basis of the charges of misconduct. The notice also alleged that these acts and omissions constituted violations of General Statutes § 20-114 (2). That statute provides that the commission may revoke or suspend a dentist's license upon "(2) proof that a practitioner . . . has been guilty of . . . incompetence." The court concludes that the notice fairly and adequately apprised the plaintiff of the charges and the factual basis of those charges, as well as the legal theory on which the department intended to proceed. Indeed, the notice could hardly have been more complete.
With respect to the plaintiff's arguments on the facts, the role of the court is very limited. General Statutes § 4-183
(j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the CT Page 7133 person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes §4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991).
In the present case, there was abundant evidence in the record before the commission that would support its factual findings. This included the testimony of the complainant patient as well as that of the plaintiff himself. The commission also had the written report of an oral surgeon who treated the patient subsequent to the plaintiff's treatment of her. That report substantiated the commission's finding that the plaintiff needed further treatment as a result of the root remaining after the tooth extraction by the plaintiff. The department's expert witness provided substantial evidence to support the commission's conclusion that the plaintiff's treatment was incompetent, and, of course, the commission, as a professional board was entitled to utilize its own expertise in making that determination. The plaintiff's arguments that the evidence was insufficient may not be sustained.
For all of the foregoing reasons, the plaintiff's appeal is dismissed.
MALONEY, J. CT Page 7134