[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff John Bartalini appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Sometime after 11:30 P.M. on May 26, 1996, Officer David Zolla of the Naugatuck Police Department arrested the plaintiff and charged him with operating a motor vehicle while intoxicated in violation of General Statutes § 14-227a. Officer Zolla wrote a report of the incident on the department of motor vehicles form A-44. The form indicates that Officer Zolla signed it under oath on May 27, 1996. The form indicated that Sergeant M. Daubert administered the oath. That report was admitted in evidence at the administrative hearing. CT Page 3544
The hearing officer also admitted in evidence another written report of Officer Zolla, this one in narrative form. Officer Zolla signed that form, indicating a "RPT DATE 05/27/96." Sergeant Daubert also signed that form, indicating that he is Zolla's supervisor. On the second page of Zolla's narrative report, there appears a rubber stamp inscription indicating that Sergeant Daubert administered an oath to Zolla in connection with his signing that report. Sergeant Daubert's signature is inserted in blank space in the rubber stamp, as is a date: "5-26-96."
The plaintiff objected to the admission of Zolla's narrative report on the ground that there is an inconsistency in the dates, signed on May 27 but sworn to on May 26. The hearing officer overruled the objection, opining that the "5-26-96" entry was most likely a ?scrivener's error and not materially detracting from the reliability of the report. The sole basis of the plaintiff's appeal is that that ruling was in error. The plaintiff points out that the hearing officer conceded that the narrative report was essential to support the findings of fact and conclusions leading to the license suspension.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). Although there are exceptions to this rule, the plaintiff offers no convincing reason why the report in question should not have been admitted in this administrative proceeding.
"Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations and internal quotations marks omitted.) Board of Education v. Freedom of Information Commission, 208 Conn. 442, 452 (1988). "The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An CT Page 3545 administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991).
The narrative report in question is a supplement to the A-44 form, which the regulations and the A-44 form itself clearly contemplate. The report is signed by its author, Officer Zolla, under oath administered by Sergeant Daubert. Zolla indicates the date was May 27. These same officers signed the A-44, both indicating that it was signed on May 27. The court notes that the incident occurred during a time period spanning the midnight hours from May 26 to May 27, while both officers were on duty and present. Under all of these circumstances, the hearing officer's conclusion that Daubert's insertion of "5-26-96" was simply a mistake is entirely reasonable and backed by substantial evidence. There was no error.
The appeal is dismissed.
MALONEY, J.