AMES DEPARTMENT STORES, INC. *v.* COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES, EX REL. KENDELL LEWIS, ET AL.*

Superior Court          Judicial District of          File No. 96-0556394
Hartford-New Britain at Hartford

Memorandum filed April 30, 1997

* Affirmed. *Ames Dept. Stores, Inc.* v. *Commission on Human Rights & Opportunities*, 48 Conn. App. 561, 709 A.2d 1156 (1998).

*Kainen, Starr, Garfield, Wright & Escalera,* for the plaintiff.

*Philip A. Murphy, Jr.,* commission counsel, and *C. Joan Parker,* assistant commission counsel, for the defendant commission on human rights and opportunities.

*Pamela R. Hershinson,* for the defendant Kendell Lewis.

MALONEY, J. The plaintiff, Ames Department Stores, Inc. (Ames), appeals from the decision of the defendant commission on human rights and opportunities (commission) finding that Ames discriminated against an employee on account of the employee's race and ordering Ames to reinstate the employee with back pay. The commission acted pursuant to General Statutes §§ 46a-60 and 46a-86. Ames appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the commission.

Kendell Lewis, a former employee of Ames, filed a complaint against Ames with the commission on January 3, 1992, which he subsequently amended on January 10, 1994. In his complaint, Lewis alleged that Ames discharged him from his employment as an assistant buyer in September, 1991, under the pretext that the company was undergoing downsizing and then failed to rehire him when vacancies subsequently occurred. Lewis alleged that Ames fired him and declined to rehire him because of his race and color, African-American and black.

The commission assigned an investigator, Femi Bogle-Assegai, who conducted the required investigation and, on September 16, 1993, notified Ames and Lewis that she had determined that there was reasonable cause to believe that Ames was guilty of the discriminatory practices alleged in the complaint. On

November 11, 1993, Bogle-Assegai certified the complaint to the commission pursuant to General Statutes § 46a-84 (a), and the commission appointed a hearing officer.

On December 15, 1993, Ames moved to dismiss the complaint on the ground that the investigator had not attempted to eliminate the discriminatory practices by conciliation prior to certifying the complaint for a hearing, in accordance with General Statutes § 46a-83 (f). On September 20, 1994, the hearing officer convened the hearing, which lasted two days. The complainant, Lewis, and several employees and former employees of Ames testified. The hearing officer also accepted numerous documentary exhibits in evidence. On September 21, 1994, the hearing officer also denied Ames' motion to dismiss.

On November 7, 1995, the hearing officer rendered his final decision. The hearing officer found that the reasons advanced by the company for firing Lewis and subsequently failing to recall him were "pretexts for . . . discrimination against Lewis" on account of his race and color. The hearing officer ordered Ames to rehire Lewis as an assistant buyer, reinstate his fringe benefits, and pay him back pay and benefits. The hearing officer also ordered Ames to take specified steps to avoid future discriminatory practices.

Ames advances essentially two arguments in support of its appeal of the hearing officer's decision: (1) the commission and the hearing officer had no jurisdiction to hold a hearing on Lewis' complaint because the investigator had failed to comply with the provisions of §§ 46a-83 (f) and 46a-84 (a), which require conciliation efforts before convening a hearing; and (2) the evidence was insufficient to support the hearing officer's finding that Ames was guilty of racial discrimination in firing and failing to recall Lewis.

## I

## CONCILIATION ISSUE

The relevant statutory provisions are §§ 46a-83 (f) and 46a-84 (a) and (b). General Statutes § 46a-83 (f) provides in relevant part: "Upon a determination that there is reasonable cause to believe that a discriminatory practice has been or is being committed as alleged in the complaint, an investigator shall attempt to eliminate the practice complained of by conference, conciliation and persuasion within sixty days of a finding of reasonable cause. . . ." General Statutes § 46a-84 (a) provides in relevant part: "If the investigator fails to eliminate a discriminatory practice . . . within forty-five days of a finding of reasonable cause, he shall certify the complaint and the results of the investigation to the executive director of the commission and to the Attorney General." General Statutes § 46a-84 (b) provides in relevant part: "Upon certification of the complaint, the executive director of the commission . . . shall appoint a hearing officer or hearing adjudicator . . . to hear the complaint or to conduct settlement negotiations . . . ."

At the request of the parties, and in accordance with General Statutes § 4-183 (i), this court held a hearing on Ames' claim that the commission, through its investigator, failed to comply with the provisions of §§ 46a-83 (f) and 46a-84 (a) and (b). The court heard testimony from Bogle-Assegai, the commission investigator on the complaint; Lewis, the complainant; and Dorene E. Robotti, a vice president and legal counsel of Ames. The court also admitted copies of letters and memoranda in evidence. Following the court hearing, the parties submitted briefs in support of their positions on this issue.

On the basis of the testimony of the witnesses and the evidence, the court finds the following facts. During

the course of the investigation, the investigator, Bogle-Assegai, regularly suggested to the parties that they attempt to settle their dispute. Her efforts were in accordance with the usual practice of commission investigators, which was based on the commission policy of encouraging settlement of every case, preferably without going through a hearing.

Robotti, in behalf of Ames, consistently and repeatedly rejected Bogle-Assegai's suggestions that the company consider settlement of the dispute during the course of the investigation.

On September 16, 1993, Bogle-Assegai sent Robotti and Lewis' attorney her written determination of reasonable cause along with a letter informing them of the conciliation provisions of the statutes and indicating the date, October 31, 1993, when the statutory conciliation period would end. She informed them that she would certify the complaint for hearing if the case was not settled before then. Her letter closed with, "Please contact the undersigned investigator at the above number to set a specific date for a conciliation conference."

Robotti received but did not respond to Bogle-Assegai's letter. She did contact the company's outside counsel on October 21, 1993, however, and informed him that "since I will be out of the office the 27th [through the] 30th, it is unlikely there will be any contact." Robotti did not request that outside counsel respond to Bogle-Assegai's invitation to set up a conciliation conference, and he did not do so. In short, no one at Ames responded to Bogle-Assegai or indicated any interest in entering into conciliation discussions with Lewis and the commission.[1]

---

[1] In contrast to the inaction of Ames, Lewis' attorney wrote Bogle-Assegai indicating that he and Lewis were available and suggesting different dates when they could attend a conference.

On the basis of her contacts with Robotti during the investigation and the failure of anyone at Ames to respond to her September 16, 1993 letter, Bogle-Assegai assumed that, during the period September 16 to October 31, 1993, Ames was not willing to enter into good faith efforts at conciliation or settlement of the dispute. Under the circumstances of this case, as summarized above, the court finds this assumption of Bogle-Assegai to be completely reasonable.

The facts found by the court, as set forth above, lead to the conclusion that the commission and its investigator adequately complied with the provisions of §§ 46a-83 (f) and 46a-84. As noted, these statutes require the investigator, after finding reasonable cause to believe that a complainant has been a victim of discrimination, to "attempt to eliminate the [discrimination] complained of by conference, conciliation and persuasion" prior to convening a hearing on the complaint. General Statutes § 46a-83 (f). In the present case, after finding reasonable cause, the investigator immediately invited Ames to take part in a conciliation conference at a mutually convenient time. Ames neglected or refused to respond to the invitation. Under the particular circumstances of this case, where Ames had repeatedly and consistently rejected previous attempts by the investigator to interest the company in settlement discussions, the investigator was not obligated by the statute to pursue the matter further. In this regard, the court notes that the statute does not require or even authorize the investigator to order the parties to attend a conciliation conference. Rather, the statute merely requires the investigator to "attempt" to bring the parties together for that purpose. In this case, the investigator did all that was reasonably required under the circumstances to attempt to eliminate the discrimination by conciliation as required by the statute.[2] Ames' argument to the contrary may not be sustained.

---

[2] There was conflicting testimony as to whether Bogle-Assegai forwarded to Ames, and Ames received, an offer of settlement from Lewis, which Bogle-

## II

### SUFFICIENCY OF EVIDENCE

Ames contends that the hearing officer's factual findings were based either on insufficient evidence or on evidence that was misunderstood or misconstrued. In particular, Ames refers to the hearing officer's citation of statistics concerning Ames' workforce and the treatment of two fellow employees of Lewis, Letha Logan and Isaac Colon.

Ames' arguments concerning the hearing officer's analysis of the evidence and the relative weight he accorded to different pieces of evidence must be considered in the light of basic and familiar principles of administrative law.

A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record . . . ."

"The substantial evidence rule governs judicial review of administrative factfinding under General Statutes (Rev. to 1987) § 4-183 (g). . . . An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which

Assegai had received prior to her determination of reasonable cause. The court finds that Robotti did not receive a copy of this letter. That fact is of minor significance, however, given Ames' manifest lack of interest in even attending a settlement conference. It does not affect the court's finding that the investigator adequately complied with the statute.

the fact in issue can be reasonably inferred. . . . Such a standard of review allows less room for judicial scrutiny than does the weight of the evidence rule or the clearly erroneous rule. . . . In determining whether an administrative finding is supported by substantial evidence, a court must defer . . . to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." (Citations omitted; internal quotation marks omitted.) *Briggs* v. *State Employees Retirement Commission*, 210 Conn. 214, 217, 554 A.2d 292 (1989). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." *Connecticut Building Wrecking Co.* v. *Carothers*, 218 Conn. 580, 601, 590 A.2d 447 (1991).

The court has examined the record in this case and concludes that there was ample and substantial evidence to support the findings and conclusions of the hearing officer. Indeed, the briefs submitted by all the parties make clear that their evidentiary dispute centers on the credibility of various evidence, the relative weight to be given to it, and the inferences that might fairly be drawn from the evidence. Such issues must be left to the hearing officer, not this court, to resolve.

For all of the above reasons, the plaintiff's appeal is dismissed.