[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The defendant, the Department of Consumer Protection, acting through the Liquor Control Commission ("the commission"), suspended the café permit of the plaintiffs, Little City Café; Garret Flaim, permittee; and 335 Main, LLC, backer, based on their sale of alcohol to a minor. The plaintiffs appeal from this final decision under the Uniform Administrative Procedure Act ("UAPA"). See General Statutes § 4-166
et seq.
The case originated with an undercover sting operation conducted by the Middletown Police Department and a civilian minor, Santiago Batista. The critical finding of the commission was that: "[t]here was conflicting evidence concerning the brand of beer purchased by Mr. Batista at Little City Café. However, we find there is substantial evidence that Mr. Batista purchased a bottle of alcoholic liquor, a beer, from the bartender at Little City Café on the evening of April 7, 2001." (Return of Record ("ROR"), Exhibit B (Memorandum of Decision), p. 2.) The plaintiffs' sole claim on appeal is that the conflicting evidence CT Page 8529 regarding the brand of beer reveals that Batista and a corroborating police officer lied in their testimony and that therefore the commission should have concluded that Batista did not purchase any alcohol at all.
There was in fact conflicting testimony regarding the brand of beer purchased by Batista. Batista and several officers testified or supplied evidence that Batista purchased a Budweiser beer. (ROR, Exhibit D (Transcript), pp. 8, 14, 21, 23-24.) In contrast, Flaim testified that his establishment did not sell Budweiser. (ROR, Transcript, pp. 30-33, 36, 38-39.) He ultimately produced a statement from Dichello Distributors, Inc., which the commission agrees is the exclusive distributor of Budweiser beer in the plaintiffs' area, stating that the Little City Café did not purchase beer from that company. (ROR, Exhibit E; Defendant's brief, p. 4.)
The plaintiffs' claim that this conflict necessarily reveals that Batista and the officer were lying is erroneous; indeed, it is reckless. When asked whether he was positive that the beer was a Budweiser, Batista responded as follows:
 Almost certain. We did so many bars that night, I — we usually go with Budweiser, even with the package stores. I've never heard of any bar that doesn't sell Budweiser, but apparently he doesn't sell Budweiser.
 I'm almost certain it was Budweiser. We stick to something simple — package stores, a six-pack of Bud, liquor stores. Then when we go to bars, it's a Budweiser. It may have been a Heinekin [sic], but I'm pretty sure it's a Budweiser.
(ROR, Transcript, pp. 21, 23-24, 39-40.) Thus, Batista could simply have been mistaken, rather than deceitful, about the brand of beer he purchased.
In any event, the conflict in the testimony was for the commission to resolve. Under the UAPA, review is very restricted. See MacDermid, Inc.v. Department of Environmental Protection, 257 Conn. 128, 136, 778 A.2d 7
(2001). The court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." General Statutes § 4-183 (j). The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. MacDermid, Inc. v. Department of Environmental Protection, supra. "This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review." CT Page 8530 (Internal quotation marks omitted.) Id., 137. "In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's assessment of the credibility of the witnesses and to the agency s right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." Briggs v. StateEmployees Retirement Commission, 210 Conn. 214, 217, A.2d (1989).
The commission was thus free to believe or reject Flaim's or Batista's testimony in whole or in part. Had the commission credited Flaim's testimony that he did not sell Budweiser and concluded that this testimony rendered Batista's entire testimony suspect, that would have been the end of the matter. But the commission was equally free to find that Batista was simply mistaken in testifying that he purchased Budweiser beer. In that event, the testimony that Batista, a minor, purchased a beer of some brand from the plaintiffs establishment would remain credible. That, too, should be the end of the matter.
The appeal is dismissed.
 Carl J. Schuman Judge, Superior Court