[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Margaret S. Lombard appeals the decision of the defendant commissioner of motor vehicles suspending her motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of her blood after having been arrested on a charge of operating a vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The parties waived oral argument and have submitted the appeal to the court for decision on the briefs. The court finds in favor of the defendant commissioner.
The first argument advanced by the plaintiff in support of her appeal is that the hearing officer wrongly admitted into evidence the report of the police officer who arrested the plaintiff. The basis of this argument is that the report was not accompanied by the original paper tapes generated by the intoximeter machine which the police used in attempting to administer the breath test. This argument may not be sustained.
According to the police report, the machine generated tapes indicating that the plaintiff produced breath samples that were insufficient to measure. The police apparently did not send copies of these tapes to the department with the arresting officer's report. The plaintiff's argument is based on subsection (c) of General Statutes § 14-227b, which requires the police to send to the motor vehicle department "a copy of the results of any chemical test or analysis." This requirement is inapplicable in this case, however, because the plaintiff was never tested. There were, therefore, no "results of any chemical test."
Even if the statute could be read to require the police to send copies of the tapes showing insufficient breath samples, the failure of the police to comply in this case does not render their report of the arrest inadmissible. Regs. Conn. State Agencies § 14-227b-19 provides that "the written report of the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of Section 14-227b(c) of the General Statutes." That statute, in pertinent part, provides that ""The report shall be on a form approved by the commissioner of motor vehicles and shall be subscribed and sworn to under penalty of false statement as provided in section 53a-157b by the arresting officer. If the person arrested refused to submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal." These requirements were precisely observed in this case. CT Page 1450
The admissibility of the police report is further supported by general principles of administrative law. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. CivilService Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28,33 (1987). Although there are exceptions to this rule, the plaintiff has not advanced any convincing argument why it should not be followed in this case.
The plaintiff's second argument is that the evidence in the record is insufficient to support the hearing officer's finding that the plaintiff refused to submit to the test. The plaintiff testified that she desired to take the breath test and attempted to blow into the machine as instructed. She stated that she suffers from asthma, however, and was unable to blow with sufficient force to register on the machine. In his report, the police officer relates that "When Lombard attempted to perform the breath test, she placed her lips over the intoximeter's tube simulating blowing into the machine, but did not actually blow into it." He reported that she was given two further opportunities, but with similar results.
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by' substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted). Briggs v. State EmployeesRetirement Commission, 210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v.Carrothers, 218 Conn. 580, 601 (1991).
In the present case, the police officer's report that the plaintiff only simulated blowing into the machine constituted CT Page 1451 substantial evidence that she effectively refused to submit to the test. The court must affirm the hearing officer's finding in that regard, therefore, even though there was contrary evidence offered by the plaintiff.
In evaluating the plaintiff's claims concerning her poor health, the court notes that subsection (j) of § 14-227b
exempts from the test requirements "any person whose physical condition is such that, according to competent advice, such test would be inadvisable." The plaintiff did not submit any medical evidence that would support her exemption under this statute.
For all of the above reasons, the appeal is dismissed.
MALONEY, J.