[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 27, 1997
Plaintiff Robert M. Colavolpe appeals a decision of the defendant department of social services imposing a lien on the proceeds of a personal injury law suit brought by the plaintiff against a third party. The department acted pursuant CT Page 4883 to General Statutes §§ 17b-93 and 17b-94, on the basis that the plaintiff is liable to the state for unreimbursed public assistance provided to or in behalf of the plaintiff's child under the Aid to Families with Dependent Children program. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant department.
Certain essential facts are not in dispute. The plaintiff is the father of a child who lives with his former wife. During the period April 7, 1987 to June 30, 1995, the defendant department provided financial assistance to the wife, in behalf of the child, under the state's AFDC program. The AFDC payments were not made continuously over that period but, rather, were discontinued in 1989 and resumed in 1992. The state claims that the total benefits paid amounted to $16,556.58.
The marriage of the plaintiff and his wife was dissolved by judgment of this court in 1990. At that time, the court found that the plaintiff, who had previously been ordered to contribute to the support of the child, was in arrears on reimbursement payments he had been ordered to make to the state in the amount of $4856.34. The plaintiff has paid that amount and has made other payments to the state in accordance with various orders of the court in conjunction with the dissolution of marriage action.
The plaintiff brought a personal injury law suit against a third party in this court sometime prior to May 1995. That law suit is pending at this time. In June 1995, the department notified the plaintiff and his attorney that it was imposing a lien on any proceeds of the suit pursuant to General Statutes § 17b-93.
Upon receipt of the notice of lien, the plaintiff requested a fair hearing. At the hearing, the plaintiff appeared and testified. He disputed the amount claimed by the state to be subject to lien. In essence, he claimed that he owed nothing to the state at that time because he had paid all amounts previously ordered by the court and because his former wife had fraudulently received some AFDC benefits. He argued that the department should collect from his former wife the amounts she had obtained by fraud, thereby reducing or eliminating the amount of public assistance remaining unreimbursed.
Following the hearing, the fair hearing officer rendered a final decision. The hearing officer found that $4,024.64 of benefits remained unreimbursed. In accordance with §§ 17b-93 and 17b-94, CT Page 4884 she determined that the amount of the lien against the plaintiff's law suit should be fifty percent of the net proceeds or $4,024.64, whichever is less. Subsequently, upon reconsideration, the department reduced the amount of maximum lien to $2,908.14, based on evidence of additional payments supplied by the plaintiff.
In his appeal to this court, the plaintiff essentially reiterates the claims he raised at the fair hearing; that is, (1) he has complied with the various court orders in making payments to the state and, therefore, owes nothing more, and (2) that the department should collect first from his former wife the amount of public assistance she obtained by fraud. The court concludes that these arguments may not be sustained.
With respect to the plaintiffs first argument, the department's hearing officer found that the total amount of AFDC benefits advanced in behalf of the plaintiff's child and remaining unreimbursed after crediting all of the plaintiff's payments is $2,908.14. There is abundant evidence in the record of this case to support that finding, including computer printouts from the department and evidence submitted by the plaintiff himself.
"The `substantial evidence' rule governs judicial review of administrative factfinding under General Statutes § 4-183 . . . An administrative finding is supported by `substantial evidence' if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . Such a standard of review allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule . . . In determining whether an administrative finding is supported by `substantial evidence,' a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part (Citations and internal quotation marks omitted).Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Conn. Building Wrecking Co. v. Carrothers,218 Conn. 580, 601 (1991).
Based on those familiar principles of administrative law, the court must accept the hearing officer's determination of the amount of AFDC benefits remaining unreimbursed.
The plaintiff argues, nevertheless, that his liability is limited by CT Page 4885 this court's previous orders requiring him to pay child support — that is, to make some payments to the state during periods of time when the state was making AFDC payments to his wife. But that argument conflicts with the provisions of General Statutes § 17b-93 (a). That statute provides, in relevant part, as follows:
 The state of Connecticut shall have a lien against property of any kind or interest in any property, estate or claim of any kind of the parents of an aid to dependent children beneficiary, in addition and not in substitution of its claim, for amounts owing under any order for support of any court or any family support magistrate, including any arrearage under such order . . .
That statute plainly means, in the context of this case, that the plaintiff is liable to pay the state the amount subject to lien in addition to any amounts he has already paid pursuant to the child support orders previously rendered by the court. This interpretation of the statute is consistent with its requirement that the parents of a child for whom AFDC benefits have been paid are liable for the "full amount of any such aid paid."
In support of his argument that the department should pursue repayment from his former wife based on her alleged fraud, rather than from him, the plaintiff cites General Statutes § 17b-97. That statute provides that any person who obtains public assistance by fraudulent means is guilty of larceny. It also provides that the department may bring a civil action to recover the amount of any public assistance so received. The statute does not, however, require the department to exhaust that remedy before pursuing other means of obtaining reimbursement of amounts of public assistance. Specifically neither § 17b-97 nor § 17b-93 provides that the department must pursue its remedy for fraud before it may pursue its remedy under the lien procedure. In short, the department is not obligated to sue the mother for fraud before it collects from the father's newly acquired assets.
The reason why the state may pursue reimbursement from either or both parents, at its option, is that both parents are equally liable to repay the whole amount of public assistance that was advanced. Of course, if one parent is forced to pay an amount that is disproportionate for some reason, the other parent may have a cause of action against him or her. But the existence of such a cause of action would not affect the state's right to be reimbursed in full by either parent. CT Page 4886
At the hearing on this appeal, the plaintiff also argued in support of his motion to require the department to produce documents in its possession relating to the department's investigation of his former wife's assets. For the reasons set forth above, those documents would not be relevant to the plaintiff's appeal of the department's ruling on the lien issue. The motion is, therefore, denied.
The decision of the hearing officer, as amended, is affirmed. The plaintiff's appeal is dismissed.
Maloney, J.