[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this administrative appeal, the plaintiff challenges the action of the defendant, State of Connecticut Department of Social Services (DSS), in liening, pursuant to General Statutes § 17-83f, his interest in proceeds of his personal injury cause of action.
The plaintiff was married to Andrea Maldonado between May 20, 1982 and February 27, 1985. A child, Nina, born January 18, 1983, is issue of this marriage. DSS paid to the plaintiff's former wife and his daughter $45,067.05 from April 4, 1983 through November 16, 1991, pursuant to the Aid to Families with Dependent Children (AFDC) program. The plaintiff paid to the State of Connecticut in support of his daughter Nina, the amount of $17,139.17.
The plaintiff also fathered a child with Vanessa Barr. Their child received AFDC payments of $3,802.55 from December 1, 1978 through April 7, 1981. The plaintiff paid support of $3,502.39 to the State of Connecticut for this child.
The plaintiff has a cause of action pending which was liened by DSS on June 7, 1993. Notice of the lien to the plaintiff and his attorney was provided on March 31, 1993. A revised lien amount was sent to the plaintiff and his attorney on August 10, 1995.
The plaintiff requested a hearing on the lien on June 24, 1994. A hearing was properly noticed and held on December 6, 1994. The hearing record was left open until March 6, 1995. The CT Page 8865 DSS decision found the plaintiff subject to a lien in the amount of $25,056.41.
The plaintiff appealed the DSS decision on May 4, 1995, pursuant to the Uniform Administrative Procedure Act (UAPA) General Statutes § 4-183.
The plaintiff did not dispute the amount of payments by DSS. His issues related to credits to him for (1) a period of time in which his daughter Nina resided with him (September 1, 1991 to November 30, 1991) and (2) for periods of time in which Nina's mother was working and fraudulently receiving AFDC benefits.
The DSS investigations supervisor, Mr. Webb Miller, stipulated that the amount after the credits for periods of time in which his daughter resided with him was $22,391.25. (Return of Record (ROR), Vol II, Transcript, pp. 3-5.) This figure was subject to further downward revision if the plaintiff prevailed on his fraud claim. (ROR, Vol. II, Transcript, p. 3.)
In support of his fraud claim the plaintiff introduced testimony from his daughter and himself as well as the report of a private investigator suggesting that the appellant's ex-wife worked while receiving AFDC benefits.
The DSS hearing officer in her decision refused to offset the plaintiff's obligation by either claim for credits.
The court finds that the evidence of fraud did not overcome the evidence of payment or presumption that the AFDC payments were valid. Public officials are presumed to have done their duty until the contrary is demonstrated. Leib v. Board of Examinersfor Nursing, 177 Conn. 78, 87 (1979).
The plaintiff's fraud claim is subject to analysis pursuant to the substantial evidence rule.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Citations omitted; internal quotation CT Page 8866 marks omitted.) Dolqner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action., (Citations omitted; footnote omitted; internal quotation marks omitted.)Dolgner v. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence., (Citations omitted; internal quotation marks omitted.) Id.
The court is also persuaded by the reasoning in Colavolpe v.Department of Social Services, Superior Court, judicial district of New Haven at New Haven, Docket No. 389003 (May 27, 1997, Maloney, J.) (19 Conn. L. Rptr. 549). The DSS was not obligated to pursue a fraud claim before collecting from the plaintiff.
The stipulation to the existence of the credit or credits which reduced the plaintiff's obligation to $22,391.25 prevented the plaintiff from introducing evidence or argument on his entitlement to such credits. The DSS was not bound by such stipulation, but the plaintiff was not afforded a hearing on such issue. The plaintiff may not be subject to the deprivation of his property without due process of law. Bialowas v. Commissioner ofMotor Vehicles, 44 Conn. App. 702, 718 (1997).
The appeal is sustained. The case is remanded only for the purposes of affording the plaintiff the opportunity to introduce evidence and argue on the issue of credits which would reduce his liability from $25,056.41 to $22,391.25.
Robert F. McWeeny, J.